UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,             07 Civ. ( )

-against-

                                                 COMPLAINT

TOWN OF NORTH SALEM, New York,

                                               **Jury Trial Demanded**

                Defendant.

----------------------------------------------------------x

**ORIGINAL**

**07 CIV. 3803**

      Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant TOWN OF NORTH SALEM, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Town has adopted and enforces, in conjunction with its Zoning Code, a "Table of General Use Requirements (hereinafter "Use Table)" which Use Table does not identify newsracks as a permitted use. In that connection the Zoning Code provides in pertinent respect:

> "**§250-12. Utilization of Use Table.**
>
> \*       \*       \*
>
> D. Any use not identified in the Use Table shall be deemed prohibited."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since the Use Table and Section 250-12(D) completely ban the placement of newsracks on public property within the Village, that code provision violates Plaintiff's

rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. The Use Table and Section 250-12(D) on their face constitute an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises the Use Table and Section 250-12(D) have chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

   a. Declaring the Use Table and Section 250-12(D) of the Town Code violative of Plaintiff's First Amendment rights,

   b. Ordering the Town to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Town,

   c. Permanently enjoining Defendant from enforcing as against Plaintiff the Use Table and Section 250-12(D),

    d. Awarding such compensatory damages as the jury may determine,

    e. Awarding reasonable attorney's fees and costs, and,

    f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 14, 2007

                              LOVETT & GOULD, LLP
                              By: _____
                                  Jonathan Lovett (4854)
                              Attorneys for Plaintiff
                              222 Bloomingdale Road
                              White Plains, N.Y. 10605
                              914-428-8401